UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>VASSILY ANTHONY THOMPSON,<br>DERRICK JOHN FINCHER, and<br>JOHN PATRICK NIXON,<br><br>　　　　　　　Defendants. | CASE Nos:　2:16-CR-0145-TOR-1<br>　　　　　　　2:16-CR-0145-TOR-2<br>　　　　　　　2:16-CR-0145-TOR-3<br><br>PROTECTIVE ORDER GOVERNING USE OF SUSPICIOUS ACTIVITY REPORTS |
|---|---|

BEFORE THE COURT is the Government's *Ex Parte* Motion for a Protective Order Governing Defendants' Use of Suspicious Activity Reports (ECF No. 89). The motion was submitted for consideration without oral argument. The Court—having reviewed the motion, the record, and files therein—is fully informed.

The United States explains that it inadvertently included in discovery several Suspicious Activity Reports. It seeks a protective order from the Court because federal law restricts their disclosure to the public. Inexplicably, the Government

PROTECTIVE ORDER GOVERNING USE OF SUSPICIOUS ACTIVITY REPORTS ~ 1

filed its motion *ex parte*, yet the Court's order will necessarily have to be provided to the Defendants.

It is no surprise that the Secretary of the Treasury may require financial institutions "to report suspicious transactions relevant to a possible violation of law or regulation." 31 U.S.C. § 5318(g). These suspicious transactions are reported by completing a Suspicious Activity Report (SAR). 31 C.F.R. § 1020.320(b)(1)

Apparently, so as not to compromise an investigation, according to the Bank Secrecy Act, no employee or agent of a financial institution may notify any person involved in a suspicious transaction that the transaction has been reported. *See* 31 U.S.C. § 5318(g)(2)(A)(i). Also, no federal officer or employee "may disclose to any person involved in the transaction that the transaction has been reported, *other than as necessary to fulfill the official duties of such officer or employee.*" 31 U.S.C. § 5318(g)(2)(A)(ii) (emphasis added).

Here, the Government contends the disclosure to the Defendants was inadvertent. That may well be, but their disclosure to the Defendants may well have been necessary to fulfill the Government's criminal discovery obligation. In any event, further disclosure of the SARs to the public would be inappropriate without judicial oversight.

//

//

PROTECTIVE ORDER GOVERNING USE OF SUSPICIOUS ACTIVITY REPORTS ~ 2

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Suspicious Activity Reports shall not be copied, and no person other than the Defendants, the Defendants' attorneys of record, and Defendant's investigators (defense teams) may see the Suspicious Activity Reports.

2. The Defendants' defense teams shall not disclose the contents of any SAR to any other person, shall not file any SAR or its content in a public filing, and shall not introduce any SAR or its content in evidence, without first obtaining permission of the Court.

3. The Defendants' defense teams shall return all SARs to the Government's counsel immediately after conclusion of the case at the district court level (entry of judgment or dismissal), absent further order of the Court.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED December 21, 2016.



THOMAS O. RICE
Chief United States District Judge

PROTECTIVE ORDER GOVERNING USE OF SUSPICIOUS ACTIVITY REPORTS ~ 3