FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DERRICK JOHN FINCHER,<br><br>　　　　　　　　Defendant. | NO: 2:16-CR-0145-TOR-2<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

　　　BEFORE THE COURT is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 528) as amended by First Amended 28 U.S.C. § 2255 Petition. ECF No. 585. Defendant is represented by Timothy A. Scott. The Government is represented by Joseph P. Derrig, Assistant United States Attorney. Having reviewed the briefing, the record and files therein, the Court is fully informed.

　　　This Court has determined that no evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

is warranted. The district court record, appellate court record, sworn testimony and evidence admitted at trial resolves this motion.

## BACKGROUND

Defendant was tried to a jury and convicted of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349, with his co-defendant Vassily Anthony Thompson. See ECF No. 146 (Superseding Indictment) and 328 (Jury Verdict).

Defendant filed a *pro se* § 2255 motion. ECF No. 528. Defendant engaged counsel and filed an Amended Petition that "does not raise new claims; in fact, it drops some." ECF No. 585 at 1. Thus, Defendant now presents five grounds for relief under the Sixth Amendment: (1) co-defendant's counsel's conflicted and deficient performance; (2) ineffective assistance of Defendant's counsel—deficient performance, failure to investigate, and failure to perform; (3) ineffective assistance of Defendant's counsel—deficient performance regarding Phillips testimony; (4) ineffective assistance of counsel on appeal regarding jury instructions and expert witness; and (5) ineffective assistance of counsel on appeal for deficient performance and breakdown of communication. ECF No. 585.

The Government contends co-defendant's counsel did not represent Defendant, there was no conflict of interest, co-defendant's counsel did not adversely affect the adequacy of Defendant's representation, Defendant's counsel's

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

performance was not deficient, nor did it prejudice Defendant, appellate counsel's performance was not deficient, and Defendant has failed to establish both prongs of a claim of ineffective assistance of appellant counsel. See ECF No. 597.

## DISCUSSION

### A. Conflict of Interest (Claim 1)

Defendant claims Mr. Partovi "actually" represented him. ECF No. 585 at 8-9. Defendant contends that he subjectively believed that his co-defendant's attorney, Mr. Partovi, was representing him at trial. *Id*. at 9-11; ECF No. 600 at 5-6. Defendant also contends that Mr. Partovi advised him to testify and then used his direct examination to rehabilitate Mr. Thompson and not move forward Defendant's defense. ECF No. 585 at 10-11. Defendant contends that he "could have used his testimony to explain at trial how he was yet another person who was deceived by Mr. Thompson's misrepresentations and overstatements." *Id*. at 11. Finally, Defendant claims that Mr. Partovi made repeated admissions that he did not understand the case, which rendered his representation of the Defendant deficient under the Sixth Amendment. *Id*. at 12-13.

First and foremost, Defendant signed and agreed to a Joint Defense Agreement with his co-defendant Mr. Thompson. ECF No. 598-1. Both Defendants were charged and tried together for conspiracy. The Joint Defense Agreement recognized that the "Parties share an interest in the defense of the

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

1  claims. . ." *Id*. at 1.  Additionally, the Joint Defense Agreement provided that

2  "[n]othing in this Agreement is intended to create any attorney-client relationship

3  for the purposes of conflicts or otherwise.  Each undersigned counsel understands

4  that it is his or her sole responsibility to represent his or her or their respective

5  client and that none of the other signatories to this Agreement have in any way

6  assumed any such responsibility." *Id*. at 4.

7      Having sat through all pretrial hearings, trial and sentencing, this Court finds

8  that Mr. Partovi was never Defendant's attorney.  Defendant was represented by

9  competent and able counsel, Mr. Frampton.  Thus, there was never a conflict of

10 interest on the part of Mr. Partovi.  The parties agreed to a joint defense agreement

11 because they were both charged with conspiracy and believed it to be in their best

12 interest to have a unified defense.  At the time, Defendant must have believed that

13 to be in his best interest and only afterward does Defendant raise the issue of

14 conflict because he was convicted.  That does not prove a conflict of interest

15 warranting the remedy sought.

16     Defendant's recitation that Mr. Partovi called him as a witness and used him

17 to rehabilitate Mr. Thompson does not show that such conduct did not further

18 Defendant's and Mr. Thompson's defenses.  After all, it was a conspiracy case and

19 the government had to prove an agreement to do something illegal.  This recitation

20 of what happened at trial does not show any conflict warranting relief.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

In *Mickens v. Taylor*, 535 U.S. 162, 172–73 (2002), the Supreme Court rejected a "proposed rule of automatic reversal when there existed a conflict that did not affect counsel's performance, but the trial judge failed to make the *Sullivan*-mandated inquiry, makes little policy sense." The Supreme Court explained that "the rule applied when the trial judge is not aware of the conflict (and thus not obligated to inquire) is that prejudice will be presumed only if the conflict has significantly affected counsel's performance—thereby rendering the verdict unreliable, even though *Strickland* prejudice cannot be shown. *Id.* at 173 (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348-49 (1980)).

Here, Defendant never raised any conflict until years after he was convicted. Defendant has failed to show that any "conflict" significantly affected counsel's performance—thereby rendering the verdict unreliable.

"To show an actual conflict resulting in an adverse effect, [the petitioner] must demonstrate that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *Foote v. Del Papa*, 492 F.3d 1026, 1029–30 (9th Cir. 2007) (quoting *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir.2006)).

Defendant has come no where near showing "that some plausible alternative defense strategy or tactic might have been pursued but was not and that the

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests."

Defendant's citations to the ethical duties of lawyers does not further his argument. The Supreme Court has clearly stated that "[b]reach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." *Mikens*, 535 U.S. at 176 (quoting *Nix v. Whiteside*, 475 U.S. 157, 165 (1986)).

Defendant complains that he and Mr. Frampton did not get along. However, the Ninth Circuit quoted the Supreme Court and held that "there is no Sixth Amendment right to 'a 'meaningful relationship' between an accused and his counsel,' reasoning that, '[n]o court could possibly guarantee that a defendant will develop the kind of rapport with his attorney-privately retained or provided by the public-that the Court of Appeals thought part of the Sixth Amendment guarantee of counsel.'" *Plumlee v. Masto*, 512 F.3d 1204, 1210–11 (9th Cir. 2008) (quoting *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983)).

Even if Mr. Partovi somehow represented Defendant, which he did not, Defendant has completely failed to show that there was a conflict which had an adverse effect on Defendant's case.

Defendant's conflict of interest argument is rejected and denied.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

### B. Ineffective Assistance of Trial Counsel (Claim 2)

Defendant complains that there was a "serious breakdown in communications" between him and Mr. Frampton. ECF No. 585 at 13. Defendant contends Mr. Frampton abdicated his role as advocate to Mr. Partovi, the co-defendant's attorney. *Id*. at 14. Without looking at the substance of his advocacy, Defendant asks this Court to compare Mr. Frampton's "relative length" of *voir dire* and opening statements to Mr. Partovi's. *Id*. Finally, Defendant complains that it "is impossible to calculate the innumerable choices that could have been made to advance Mr. Fincher's interests during trial and their possible effect on the proceedings. . ." *Id*. at 14-15.

A defendant in criminal proceedings has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI. A defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the following: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Regarding the first prong, a "tactical decision about which competent lawyers might disagree" does not qualify as objectively unreasonable." *Bell v. Cone*, 535 U.S. 685, 702 (2002).

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

1   Regarding the second prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 693-94. "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

As indicated above, there is no Sixth Amendment right to a meaningful relationship between an accused and his counsel. *Plumlee v. Masto*, 512 F.3d at 1210–11. Defendant has provided nothing that would warrant a finding of a Sixth Amendment violation. This Court, having sat through all pretrial hearings, trial, and sentencing, does not find that there was a breakdown in communications between Defendant and Mr. Frampton that would rise to the level of a Sixth Amendment violation.

Defendant contends that Mr. Frampton abdicated his role as his advocate to Mr. Partovi. Defendant ignores that the parties had a Joint Defense Agreement and Mr. Frampton's strategy and role needed to mesh with the overall defense of both parties. Measuring the length of *voir dire* or opening statements means nothing. The real issue is the substance of those statements. Defendant has not shown that Mr. Frampton's statements were in violation of the Sixth Amendment, especially considering the Joint Defense Agreement whereby co-counsel discussed why

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8

neither defendant was guilty of the crimes charged and Mr. Frampton's statements supported that argument.

Finally, without any concrete evidence, Defendant complains that it "is impossible to calculate the innumerable choices that could have been made to advance Mr. Fincher's interests. . ." This is a completely insufficient argument. Defendant must prove a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Defendant's ineffective assistance of counsel argument is rejected and denied.

**C. Ineffective Assistance of Counsel – Phillips Testimony (Claim 3)**

Defendant complains that his counsel did not file any pretrial motions, object at trial, failed to request curative instructions for the testimony of Ms. Phillips, a senior advisor to the COO of Export Import Bank. ECF No. 585 at 15. Defendant then cites testimony of Ms. Phillips concerning paperwork that Defendants provided to victims purportedly from the Export Import Bank (EXIM). *Id*. at 16-18.

Defendant has shown no prejudice. Ms. Phillips was familiar and qualified to identify official paperwork of the Export Import Bank and offered her opinion that the exhibits she was shown were not legitimate. Whether defense counsel objected or not, this testimony and evidence would eventually be admitted and

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 9

therefore, Defendant has shown no reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Defendants never raised a *Daubert* challenge, because it would have been futile given Ms. Phillips experience and qualifications.

Finally, because Ms. Phillips used the words false or fraudulent does not violate the Rules of Evidence. Federal Rule of Evidence 704(a) specifically allows testimony on an ultimate issue. *See also United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017) (". . . it is sometimes impossible for an expert to render his or her opinion on a subject without resorting to language that recurs in the applicable legal standard. We hold that if the terms used by an expert witness do not have a specialized meaning in law and do not represent an attempt to instruct the jury on the law, or how to apply the law to the facts of the case, the testimony is not an impermissible legal conclusion.").

This ineffective assistance of counsel argument is rejected and denied.

**D. Ineffective Assistance of Appellate Counsel (Claim 4)**

Defendant contends that his appellate attorney was ineffective for failing to raise a dual-hat and other trial-related issues on appeal. ECF No. 585 at 20. Defendant also contends the jury instruction defining wire fraud was erroneous even though defendants were convicted of conspiracy to commit wire fraud. *Id*. at 20-21 (*see* Jury Inst. 15 at ECF No. 321).

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 10

Again, Defendant has not shown that an instruction explaining lay and expert opinion evidence would have made any difference in the evaluation of Ms. Phillips' testimony. Defendant has provided no argument or evidence that "other trial-related issues" resulted in ineffective assistance of counsel. Finally, Defendant has not shown that the use of the word "and" between the words deceive and cheat would have made any difference in this case. The overwhelming evidence showed that Defendants committed wire fraud and did so while engaged in a conspiracy.

This ineffective assistance of counsel argument is rejected and denied.

### E. Ineffective Assistance of Appellate Counsel—Breakdown of Communication (Claim 5)

Defendant contends that "he was able to meet with appellate counsel to discuss his case prior to going into custody, once in custody he had limited communication with his attorney. After going into custody, he had limited in-person meetings to discuss his appeal and only one confidential legal call." ECF No. 585 at 21. He complains that his counsel "ultimately stopped taking his phone calls and eventually terminated email contact with Mr. Fincher." *Id*. Defendant cites to the Rules of Professional Conduct and the ABA standards for this argument.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 11

A defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the following: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

The Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance, and we have held that a lawyer's violation of ethical norms does not make the lawyer *per se* ineffective. *See Mickens v. Taylor*, 535 U.S. 162, 171 (2002).

Defendant has failed to show either prong for establishing ineffective assistance of counsel.

This ineffective assistance of counsel argument is rejected and denied.

**F. Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. 28 U.S.C. § 2253(c)(1). A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claims or could conclude that any issue presented deserves encouragement to proceed further. Any appeal taken by Defendant of this matter would not be taken in good faith as he fails to make a substantial showing of the denial of a constitutional right.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 528) as amended by First Amended 28 U.S.C. § 2255 Petition, ECF No. 585, is **DENIED.**

2. A Certificate of Appealability under 28 U.S.C. § 2253(c)(1) is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties and **CLOSE** this and the corresponding civil file, 2:22-CV-0034-TOR.

**DATED** April 21, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 13